# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

FRANK A. GUBANIC,

    Petitioner,

v.                                                                     Case No.: 8:10-cv-1356-T-30TGW
                                                                      Crim. Case No: 8:08-cr-499-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner Frank A. Gubanic's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1). After reviewing the record, the Court finds that the motion should be denied without an evidentiary hearing because Gubanic's claims are clearly refuted by the record.

### BACKGROUND

Gubanic challenges his enhanced sentence based on his status as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1). The government disputes Gubanic's challenge, and also contends that Gubanic's claim is barred under the procedural default doctrine.

Gubanic, a convicted felon, was indicted in November 2008 on one count of possessing ammunition, in violation of 18 U.S.C. § 922(g)(1), and one count of possessing methamphetamine within 1000 feet of a school, in violation of 21 U.S.C. §§ 860, 841(a)(1), and 841(b)(1)(C) (CR Dkt. 8). He entered into a plea agreement with the government on

March 17, 2009, agreeing to plead guilty to one count of possession of ammunition by a convicted felon (CR Dkt. 39). The statutory maximum sentence for such a conviction is ten years. See 18 U.S.C. § 924(a)(2). However, Congress further legislated in the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e), that a statutory minimum sentence of 15 years of imprisonment up to a maximum sentence of life is mandatory if a felon convicted of possession of ammunition also has three or more prior "violent felony" or serious drug convictions. *See United States v. Greer*, 440 F.3d 1267, 1269 (11th Cir. 2006). Gubanic admitted in the plea agreement that he had been previously convicted of six felony offenses, each punishable by imprisonment for a term exceeding one year: robbery, battery on a law enforcement officer, trafficking in cocaine, sale of cocaine, felon in possession of a firearm, and possession of cocaine (CR Dkt. 39).

At sentencing on July 14, 2009, the Court asked Gubanic whether he had any objections to the factual accuracy of his presentence report prepared by the U.S. Probation Office (CR Dkt. 59, pg 4). Gubanic answered no. The Court asked Gubanic and his counsel if either objected to the government's application of the sentencing guidelines in the presentence report. Gubanic remained silent while his counsel answered no. The Court adopted the factual statements and guidelines applications in the presentence report as its findings of fact.

The presentence report identified four qualifying state convictions the government relies on to support application of the armed career offender enhancement to Gubanic:

1. Robbery, Circuit Court, Pinellas County, Case Number 88-168CFANO, a prior violent felony conviction, sentenced on March 28, 1988;

2. Resisting arrest with violence, Circuit Court, Pinellas County, Case Number 90-714CFANO, a prior violent felony conviction, sentenced on January 11, 1990;

3. Trafficking in cocaine and sale of cocaine, Circuit Court, Pinellas County, Case Number 92-4751CFANO, a felony controlled substance offense, sentenced on October 28, 1993; and

4. Battery on a probation officer, Circuit Court, Pinellas County, Case Number 92-19842CFANO, a prior violent felony conviction, sentenced on October 28, 1993.

(Presentence Report, p. 5–7).

Based on his total offense level and his criminal history, Gubanic's guidelines range was 151 to 188 months of imprisonment. As a result of Gubanic's classification under § 924(e)(1) as an armed career criminal offender, Gubanic's sentencing range became 180 to 188 months of imprisonment. The Court sentenced Gubanic to 184 months of incarceration to be followed by four years of supervised release. On the same day as the sentencing, Gubanic filed with the Court a "Declaration of Intent to Appeal" form stating that he <u>did not</u> wish to file an appeal. In the Declaration, Gubanic acknowledged that "his . . . election not to appeal was an informed and voluntary choice." (CV Dkt. 6, exhibit 5). Gubanic did not file a direct appeal.

On June 11, 2010, Gubanic filed a § 2255 motion to vacate, set aside, or correct his sentence.[1] Gubanic raises a number of grounds for relief, alleging violations of his Fifth, Sixth, and Eighth Amendment rights occurring during his sentencing and on appeal. As a result, Gubanic claims he is entitled to a resentencing without the armed career criminal offender enhancement.

On September 17, 2010, the government responded in opposition to Gubanic's § 2255 motion. The government asserts that although Gubanic's claims are cognizable, his claims are procedurally defaulted and Gubanic has failed to demonstrate cause and actual prejudice or actual innocence to excuse his procedural default. Further, the government asserts that even if Gubanic's claims overcome procedural default, they fail on the merits.

On May 25, 2011, Gubanic filed an "amended traverse" relating to his § 2255 motion. In his "amended traverse," Gubanic asserts that: (1) his claims are cognizable under § 2255; (2) his claims are not procedurally defaulted because both the actual innocence exception and the cause and prejudice exception apply; (3) failure to file a notice of appeal is ineffective assistance of counsel regardless of the standardized form; and that (4) Gubanic's prior convictions are insufficient for application of the armed career offender enhancement.

---

[1] "[A] pro se prisoner's motion to vacate is deemed filed the date it is delivered to prison authorities for mailing." *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Absent contrary evidence, that date is presumed to be the date that the prisoner signed the motion. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). "Under the mailbox rule, the burden is on prison officials to prove the date a prisoner delivered his documents to be mailed." *Washington*, 243 F.3d at 1301. Here, the government does not dispute that Gubanic signed his motion on June 11, 2010, the date that appears on his motion.

# DISCUSSION

**Timeliness of Section 2255 Motion and "Amended Traverse"**

Gubanic's sentencing judgment became final when the ten-day period for filing a notice of appeal expired on July 24, 2009. Fed. R. Crim. P. 45(a)(1), (2); Fed. R. App. P. 4(b)(1)(A)(I) and 26(a) (West 2009). Pursuant to § 2255(f), a motion to vacate must be filed within one year from the date on which the conviction becomes final. 28 U.S.C. § 2255(f) (2009). Gubanic had until July 24, 2010, to timely file a Section 2255 motion. Gubanic timely filed his motion on June 11, 2010.

**Procedural Default**

Before the Court addresses the merits of Gubanic's claims, it first considers any issue of procedural default. *See Doorbal v. Dep't of Corr.*, 572 F.3d 1222, 1228 (11th Cir. 2009). Here, Gubanic is confronted with the procedural default rule because he did not directly appeal his sentence. Under the procedural default rule, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004)). "This rule generally applies to all claims, including constitutional claims." *Lynn*, 365 F.3d at 1234 (citing *Reed v. Farley*, 512 U.S. 339, 354 (1994)); *see also Harris v. United States*, 149 F.3d 1304, 1307 (11th Cir. 1998) ("[A] defendant may procedurally default many of his constitutional rights."). However, the Supreme Court in *Massaro v. United States*, 538 U.S. 500 (2003) excepted ineffective-assistance-of-counsel

claims from the general procedural default rule. *Id.* at 508–09 (noting that it is preferable to raise ineffective-assistance-of-counsel claims in a § 2255 motion as opposed to a direct appeal and that the failure to raise such a claim "on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255"). Accordingly, this Court will consider Gubanic's ineffective assistance of counsel claims on the merits, while considering his remaining claim that he is actually, factually, and legally innocent of being an armed career criminal offender under the procedural bar because Gubanic could have argued that claim on direct appeal. Gubanic's procedural default can be excused, however, if one of the two exceptions to the procedural default rule applies. *McKay*, 657 F.3d at 1196.

The exceptions are: (1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence. Lynn, 365 F.3d at 1234. Under the cause and prejudice exception, a § 2255 movant can avoid application of the procedural default bar by showing cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error. *McKay*, 657 F.3d at 1196. "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)). Under the actual innocence exception, a movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself. *Id.*

**Actual Innocence**

The Court dispenses with the actual innocence exception because "the actual innocence exception does not apply to [petitioner's] claim that he was erroneously sentenced as a career offender." *McKay*, 657 F.3d at 1200; *see also Goodloe v. United States*, 2011 WL 6156843 at *1 (11th Cir. Dec. 13, 2011) ("[t]he actual innocence exception requires factual innocence, not mere legal innocence, and enhanced sentencing is a matter of legal, not factual, innocence."). Therefore, this Court will focus on whether Gubanic has shown cause and prejudice for not raising his § 2255 claims on direct appeal.[2]

**Cause**

A prisoner collaterally attacking his conviction can establish cause for a procedural default if he can show that "some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural [default] rule," or that his attorney's performance failed to meet the *Strickland* standard for effective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Gubanic asserts ineffective assistance of trial counsel as cause to excuse his procedural default. Constitutionally ineffective assistance of counsel has been considered cause to excuse a procedural default that occurs at a stage in the proceedings in which the defendant enjoys a Sixth Amendment right to effective assistance of counsel. See *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Gubanic was constitutionally entitled to

---

[2] The "cause and actual prejudice" standard for federal habeas petitions mirrors the standard used to evaluate collateral attacks on state convictions. *Lynn*, 365 F.3d at 1235 n.21 (citing *Lomelo v. United States*, 891 F.2d 1512, 1515 n.9 (11th Cir. 1990)). Accordingly, the Court can look to both § 2254 and § 2255 cases for its "cause" analysis. *Id.*

effective assistance of counsel at sentencing, *see Middleton v. Dugger*, 849 F.2d 491, 493 (11th Cir. 1988), and also during his first appeal. *Evitts v. Lucey,* 469 U.S. 387, 398 (1985).

In addition, Gubanic must establish that his procedural default was caused by constitutionally ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). *Payne v. Allen*, 539 F.3d 1297, 1314 (11th Cir. 2008). To prevail, Gubanic first "must show that counsel's performance was deficient" —that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687. Courts conduct a highly deferential review of counsel's performance and "'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment.'" *Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000) (alteration in original) (quoting *Strickland,* 466 U.S. at 689–90). To overcome *Strickland*'s presumption of reasonableness, Gubanic must show that "no competent counsel would have taken the action that his counsel did take." *Johnson v. Sec'ty, DOC*, 643 F.3d 907, 928 (11th Cir. 2011).

Under *Strickland*'s second prong, Gubanic "must show that the deficient performance prejudiced the defense" —that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687. The Court may consider the prongs of the *Strickland* test in either order, and the defendant must show that both prongs are satisfied in order to demonstrate a Sixth

Amendment violation. *United States v. Webb*, 665 F.3d 1238, 1258 (11th Cir. 2011) (citing *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000)).

**The Presentence Report**

First, Gubanic asserts that "[c]ounsel was ineffective for not arguing through appeal stages that the Petitioner's presentence report was defective, and therefore, [the court] did not possess the adequate and sufficient information for the Petitioner to be enhanced to armed career offender status." Gubanic "requested counsel to object to the presentence report because a presentence report is not evidence." Therefore Gubanic argues that "[t]he government and the Court did not possess nor use the required *Shepard v. United States*, 544 U.S. 13 (2005); *Canty v. United States*, 570 F.3d 1251 (11th Cir. 2009); and now *United States v. Sneed*, 600 F.3d 1331 (11th Cir. 2010) material required, in order to enhance the Petitioner to armed career offender status."

At sentencing, Gubanic represented to the Court that he had read the presentence report, discussed the presentence report, and found no factual inaccuracies in it (CR Dkt 59, page 3–4). Because Gubanic himself admitted to the facts in the presentence report, the sentencing court could consider the presentence report as evidence notwithstanding *Shepard*, *Canty*, and *Sneed*. *See United States v. Bennett*, 472 F.3d 825, 833 (11th Cir. 2006) (the defendant's admission of facts alone authorized the district court to sentence the defendant as an armed career criminal under § 924(e)). "A sentencing court's findings of fact may be based on undisputed statements in the [presentence report]." *Id.* at 832 (citing *United States v. Wilson*, 844 F.2d 1355, 1356 (11th Cir. 1989)).

Given that, at sentencing, Gubanic freely admitted to all the facts in the presentence report, Gubanic cannot now show that competent counsel would have objected to the presentence report because it is not evidence. *See also United States v. Rodriguez,* 283 Fed.Appx. 743, 745 (11th Cir. 2008) ("[Petitioner's] claim that his counsel should have objected to the facts in the [presentence report] fails because [Petitioner] himself twice told the court that he had read the [presentence report] and had no objections to the facts in the [presentence report] or to the application of the Guidelines to those facts.").

Like the petitioner in *Rodriguez*, Gubanic "does not even argue . . . that [the presentence report's] facts were inaccurate; rather, he simply says that his counsel was ineffective for failing to object to them." *Id.* Thus, Gubanic has not shown that counsel's errors, if any, "actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 693.

Therefore, Gubanic has not demonstrated that his trial counsel was constitutionally ineffective when counsel did not object to the Court's adoption of the presentence report as the Court's findings of fact.

**Qualifying Convictions for ACCA Enhancement**

Further, Gubanic asserts that his trial counsel was ineffective for not objecting to the Court's classification of Gubanic as an armed career criminal offender. Gubanic's argument is meritless because he does not dispute that he knowingly and voluntarily entered into the plea agreement. Gubanic's indictment charged him with having been convicted of six felony offenses each punishable by imprisonment for a term exceeding one year and with being an armed career criminal in violation of § 924(e). At Gubanic's plea colloquy, the Court

thoroughly explained to Gubanic the consequences of entering a guilty plea. Because Gubanic was admitting to enhancement as an armed career criminal under § 924(e), the Court apprised Gubanic of the minimum sentence of fifteen years of imprisonment and maximum sentence of life imprisonment that could result from his guilty plea. Gubanic did not dispute or disagree with the Court's thorough explanations.

Gubanic presumably finds no fault with counsel's advice on entering into the plea agreement because Gubanic does not raise that as an issue here. Gubanic's own admission to armed career criminal enhancement at the plea colloquy foreclosed any validity in counsel arguing at sentencing that Gubanic's sentence should not be enhanced. Gubanic's counsel was not ineffective for failing to raise this issue.

**Failure to File Notice of Appeal and File Appeal**

Finally, Gubanic contends that his counsel was ineffective for not filing a notice of appeal and not directly appealing his sentence after "Petitioner had informed counsel to do so on sentencing day."

An attorney who fails to file an appeal on behalf of a client after being requested to do so acts in a professionally unreasonable manner. *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005); *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). However, if a defendant instructs his or her counsel not to file an appeal, he or she cannot later complain that the failure to file an appeal constitutes ineffective assistance of counsel. See Roe, 528 U.S. at 477. Further, when a defendant has met with his or her attorney to discuss the merits

of an appeal and the defendant did not specifically request that the attorney file an appeal, the defendant will not be entitled to file a belated appeal. *See id.* at 478.

Here, Gubanic contends in his "Memorandum of Law" supporting his § 2255 motion that "he informed counsel to file a notice of appeal on his behalf . . . on sentencing day." (CV Dkt. 1). At sentencing, the Court informed Gubanic of his right to appeal from his judgment and sentence within ten days. The Court directed the Petitioner to complete a form entitled "Declaration of Intent to Appeal" and mail it to the Clerk's office at the end of the ten-day period stating whether or not he wished to file an appeal. Failure to return the form, the Court explained, would be construed as an acknowledgment by Gubanic that he did not wish to file an appeal.

On the day of sentencing, Gubanic completed and signed the "Declaration of Intent to Appeal" in which he indicated his intention <u>not</u> to appeal his sentence (CV Dkt. 6, exhibit 5). Gubanic will not now be heard to claim he told his lawyer at sentencing that he wanted to appeal when his written Declaration, signed by him at sentencing, explicitly states to the contrary. The Declaration in the record affirmatively contradicts Gubanic's claim. Gubanic has failed to demonstrate that counsel's performance was unreasonable under prevailing professional norms.

Since Gubanic has not shown that he requested his lawyer file an appeal, Gubanic has not shown cause for failing to raise his claims on direct appeal. Those claims are now procedurally defaulted. Even had if Gubanic's remaining claims cleared the procedural default bar, they would nevertheless have failed on the merits.

**Fifth Amendment Claim**

In his Fifth Amendment claim, Gubanic argues his confinement violates due process because the district court erroneously classified him as an armed career offender. Because Gubanic has failed to establish that he was erroneously classified as an armed career offender, his confinement does not violate due process. *See also United States v. Brown*, 379 Fed.Appx. 872, 874–75 (11th Cir. 2010).

**Eighth Amendment Claim**

Lastly, Gubanic argues his confinement violates the Eighth Amendment. The Eighth Amendment contains "a narrow proportionality principle that applies to noncapital sentences." *Ewing v. California*, 538 U.S. 11, 20 (2003). The principle "forbid[s] the imposition of a sentence that is 'grossly disproportionate' to the offense committed." *United States v. Raad*, 406 F.3d 1322, 1324 (11th Cir. 2005). "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *United States v. Moriarty*, 429 F.3d 1012, 1024 (11th Cir. 2005). Here, Gubanic's 184-month sentence falls well below the statutory maximum of life imprisonment. Thus, there is no Eighth Amendment violation.

**Evidentiary Hearing**

"[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." *Aron v. United States*, 291 F.3d 708, 714–15 (11th Cir. 2002). "[A] petitioner need only allege–not prove–reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Id.*

at 715 n.6 (emphasis removed). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). This case warrants no evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003) (per curiam).

It is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#55, in the underlying criminal case, case number 8:08-cr-499-T-30TGW.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §

2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on January 30, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2010\10-cv-1356.deny 2255.wpd